IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR373

JERRELL DAMIAN GRAY

## MEMORANDUM OPINION

Jerrell Damian Gray, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion. Gray contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claims One and Four | Gray did not receive effective assistance of counsel because counsel failed to challenge the amount and type of drug that was attributed to Gray for purposes of sentencing. |
| Claim Two | Gray is actually innocent of violating 18 U.S.C. § 924(c). |
| Claim Three | Gray did not receive effective assistance of counsel because counsel encouraged Gray to plead guilty to the charge of conspiracy to distribute cocaine base. |

The United States has responded.[1] The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

On October 2, 2007, Gray and his cousin, Dajon Sekee Washington were charged in a six-count indictment. Count One charged Gray and Dajon Washington with conspiracy to distribute and possess with intent to distribute 5 grams or more of crack. Count

---

[1] The United States included with its response an affidavit from Gray's trial counsel, Taylor B. Stone.

Three charged Gray with distribution of crack on June 26, 2007. Count Five charged Gray with possession of crack and cocaine hydrochloride with intent to distribute on July 18, 2007. Count Six charged Gray and Washington with the possession of 21 firearms in furtherance of the drug trafficking crime charged in Count One.

On November 2, 2007, Gray entered into a plea agreement with the United States. Under the terms of the Plea Agreement, Gray agreed to plead guilty to Count One and Count Six.[2] (Plea Agreement ¶ 1.) In conjunction with the Plea Agreement, Gray signed a statement of facts. Gray assured the Court, under oath, that he had read the Statement of Facts and the facts contained therein were true. (Nov. 2, 2007 Tr. 21-22.) In the Statement of Facts, Gray acknowledged:

> [T]he following facts are true and correct and that had the matter gone to trial the United States could have proven each of them beyond a reasonable doubt.
>
> 1. JERRELL DAMIAN GRAY, along with Dajon Sekee Washington, resided at 1455 Habla [sic] Farm Road, King William Virginia. GRAY and Washington distributed crack cocaine from this location.
> 2. From in or about January 2007, through and including July 18, 2007, . . . JERRELL DAMIAN GRAY and Dajon Sekee Washington did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 5 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

---

[2] With respect to Count Six, Gray admitted he had possessed a Ruger p95 dc 9mm Semiautomatic pistol with Laser Sight. (Statement of Facts ¶ 3.)

2

> 3. On or about July 18,2007, in the Eastern District of Virginia and within the jurisdiction of this Court, JERRELL DAMIAN GRAY did knowingly and unlawfully possess a Ruger Model p95 dc 9mm Semiautomatic Pistol with Laser Sight, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to distribute and possess with the intent to distribute cocaine base, commonly known as "crack," as charged in Count One of the Indictment, which count is incorporated herein by reference.
> 4. The total amount of crack cocaine distributed and attempted to be distributed was at least 5 grams but less than 20 grams. This agreement, however, is subject to approval by the court.

(Statement of Facts 1-2.)

On January 18, 2008, the Court conducted a sentencing hearing. The Court sentenced Gray to sixty months of imprisonment for Count One and sixty months of imprisonment for Count Six. The sentence on Count Six was ordered to run consecutive to the sentence on Count One, for a total sentence of one hundred and twenty months of imprisonment. Such sentence was the mandatory minimum sentence provided by the pertinent statutes.

## II. GRAY'S CHALLENGES TO HIS CONVICTIONS

In Claim Two, relying upon Bailey v. United States, 516 U.S. 137 (1995), Gray asserts he is actually innocent of Count Six because he did "not 'use' or 'carry' the firearm (AK-47) that was used to enhance his sentence in relation to his drug trafficking crime." (Mem. in Supp. of § 2255 Mot. 7.) Gray was not charged with using or carrying a firearm in violation of 18 U.S.C. § 924(c). He was charged with **possession** of a firearm in furtherance of a drug

3

trafficking crime. (Indictment 3.) During his plea proceedings, Gray acknowledged that he was guilty of this offense with respect to the Ruger Model p95 dc 9mm Semiautomatic Pistol with Laser Sight charged in Count Six. Claim One lacks merit and will be DISMISSED.

In Claim Three, Gray contends that counsel was deficient for encouraging Gray to plead guilty to Count One. To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). To satisfy the prejudice aspect of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In the context of a guilty plea, the Supreme Court has modified the second facet of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal citations and quotations omitted). Accordingly, the United States Court of Appeals for the Fourth Circuit has admonished that "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Gray contends counsel was deficient for advising him to plead guilty because, "there is no 'evidence' that the movant conspired with [Washington] to sell drugs; matter of fact, there is sufficient 'evidence' to demonstrate that the movant and . . . Dajon Washington, sold their drugs independently of the other." (Mem. in Supp. of § 2255 Mot. 10.) Counsel responds that:

5

> 2. The United States' evidence was that Gray and his cousin, Dajon Washington, were selling crack cocaine out of their home ("residence"). . . . Also, in the home, Gray and Washington possessed a small arsenal of firearms which included rifles, shotguns and pistols.
> 3. According to discovery provided by the United States, several controlled purchases of crack cocaine occurred at the residence including a June 26, 2007 buy where Gray sold an eight ball of crack cocaine to Corretta Washington. On July 18, 2007, a search warrant was executed at the residence and when police entered Gray's bedroom, he was holding a pistol in his hand. In Gray's room, police located over $9,000 in cash, multiple firearms, ammunition, powder cocaine and $100 of marked buy money from the June 26, 2007 transaction with Washington.
> 4. In discovery, Gray was provided a statement from a James Moore, who was cooperating with authorities. Moore stated that he sold powder cocaine to both Gray and Washington. Moore stated that he sold Gray one ounce of powder cocaine a week for a six month period.

(Govt.'s Resp. Stone Aff. ¶¶ 2-4.) Given the above information, counsel reasonably perceived that a jury would find that Gray and Washington had entered into some manner of agreement, even if it was not to compete with each other, in distributing or possessing with intent to distribute in excess of five grams of crack out of their home. Indeed, Gray acknowledged as much under oath at his Rule 11 proceedings, and his current attempt to deny the existence of such an agreement is palpably incredible. See Lemaster, 403 F.3d 221-22. Furthermore, the Plea Agreement, with its stipulation that Gray was responsible only for between 5 and 20 grams of crack, shielded Gray from the significantly greater sentence that he was likely to receive had he proceeded to trial. During his debriefings, Gray admitted to distributing one half of an ounce of

6

crack and one half of an ounce of powder cocaine from July of 2006 until July of 2007. Gray has not provided any evidence that suggests he was willing to go to trial and risk a higher sentence based on a defense that he and Washington were independent drug dealers, operating out of the same residence. See Hill, 474 U.S. at 60; Gargano v. United States, 852 F.2d 886, 890 (7th Cir. 1988) (dismissing action where defendant fails to submit evidence demonstrating that he would have insisted upon going to trial but for counsel's advice). Gray fails to demonstrate that counsel's advice to plead guilty to Count One was deficient or that he was prejudiced. Accordingly, Claim One will be DISMISSED.

### III. GRAY'S CHALLENGES TO HIS SENTENCE

In Claims One and Four, Gray faults counsel for not challenging the amount and type of drug that was attributed to Gray for sentencing purposes. At sentencing, Gray was found responsible for more than 5 grams, but less than 20 grams of crack. This was the same amount and type of drug that Gray had stipulated to in the Statement of Facts (Statement of Facts ¶ 4). Given these circumstances and the fact the Gray admitted to the probation officer that he actually distributed far more crack than that for which he was sentenced, it was perfectly reasonable for counsel not to challenge the amount or type of drug attributed to Gray at sentencing. Gray has not demonstrated deficiency or prejudice. See United States v. Purry, 35 F. App'x 62, 63 (4th Cir. 2002) (No.

7

01-8098), available at 2002 WL 864373, at *1; Robinson v. United States, No. 96-4045, 1998 WL 792043, at *2 (6th Cir. Nov. 2, 1998). Claims One and Four will be DISMISSED.

Gray's 28 U.S.C. § 2255 motion will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Gray has not satisfied this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Gray and counsel for the United States.

An appropriate Order shall issue.

/s/  REP
Robert E. Payne
Senior United States District Judge

Date: June 25, 2010
Richmond, Virginia